**STAAB V. MAYO CLINIC ROCHESTER    02CV4340  (JNE/SRN)**
**COURT'S INSTRUCTIONS TO THE JURY**
**INSTRUCTION NO. 1**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**INSTRUCTION NO. 2**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A non-profit corporation or other organization is entitled to the same fair trial as a private individual.   All persons, including non-profit corporations and other organizations stand equal before the law and are to be treated as equals.

**INSTRUCTION NO. 3**

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## INSTRUCTION NO. 4

The evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## INSTRUCTION NO. 5

If a lawyer asked a witness a question that contained an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.

# INSTRUCTION NO. 6

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence.  If Plaintiffs Ronald and Rita Staab should fail to establish any essential element of their claim by a preponderance of the evidence, you should find for Defendant Mayo Clinic Rochester as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

**INSTRUCTION NO. 7**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

## INSTRUCTION NO. 8

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the greater weight of all the evidence in the case, both direct and circumstantial.

**INSTRUCTION NO. 9**

You are to consider only the evidence in the case. However, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

# INSTRUCTION NO. 10

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**INSTRUCTION NO. 11**

Sections of textbooks and articles have been read to you as evidence in this trial.

Weigh this evidence in the same way you would any other evidence.  You may use this

evidence to decide the truth and weight of what witnesses have said.  You may use this

evidence to decide the issues in this case.

# INSTRUCTION NO. 12

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

## INSTRUCTION NO. 13

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 14

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

## INSTRUCTION NO. 15

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

### INSTRUCTION NO. 16

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.   You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.

## INSTRUCTION NO. 17

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. 18**

Plaintiffs bring the following claims against Mayo Clinic Rochester:   negligent care and treatment, including negligent diagnosis, and failure to obtain informed consent. Plaintiff Rita Staab also asserts a claim for loss of consortium.

The Staabs have the burden of proving the facts necessary to support these claims.

**INSTRUCTION NO. 19**

A corporation may act only through natural persons as its agents or employees.  In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

At all times relevant to this case, Doctors Que, McGill, Andrews, Stephens, and other employees or physicians who assisted in the medical care provided to Ronald Staab acted within the scope of their employment or agency relationship.  In connection with the diagnosis, treatment and care of Ronald Staab, the conduct of these doctors and other employees are the conduct of Mayo Clinic Rochester.

## INSTRUCTION NO. 20

"Negligence" is the doing of some act a reasonably prudent person would not do, or the failure to do something a reasonably prudent person would do, when prompted by considerations that ordinarily regulate the conduct of human affairs.  In other words, it is the failure to use ordinary care under the circumstances  in the management of one's person or property, or of agencies under one's control.

# INSTRUCTION NO. 21

To establish a claim for negligent care and treatment in a medical malpractice action, a plaintiff must show by the greater weight of the evidence:

1.  The standard of care in the medical community applicable to the defendant's conduct;

2.  That the defendant departed from the standard of care; and

3.  That the departure from the standard of care directly caused the plaintiff's injury.

## INSTRUCTION NO. 22

**Standards of professional practice**

A doctor must use the same degree of skill and learning that a doctor would use:

1.      Who is in good standing, and

2.      Who is in a similar practice, and

3.      In similar circumstances.

A doctor must use reasonable care when applying that skill and learning in treating patients.

**Failure of a treatment**

A doctor is not negligent simply because his or her efforts are unsuccessful.

The failure of a treatment is not negligence if the treatment was an accepted treatment, based on the information the doctor had, or should reasonably have had, when the choice was made.

A doctor must use reasonable care to get the information needed to exercise his or her professional judgment.  An unsuccessful treatment chosen because a doctor did not use this reasonable care would be negligence.

## INSTRUCTION NO. 23

**Standards of treatment by a specialist**

A doctor who claims a specialty must use the same degree of skill and learning as a specialist:

1.    In the same field, and

2.    In similar circumstances and cases.

A doctor must use reasonable care in applying that skill and learning in treating patients.

## INSTRUCTION NO. 24

The fact that Ronald Staab developed a condition that required a liver transplant does not by itself mean that someone was negligent.

**INSTRUCTION NO. 25**

A "direct cause" is a cause that had a substantial part in bringing about the injury.

## INSTRUCTION NO. 26

Plaintiffs also allege Mayo Clinic Rochester was negligent in failing to get Ronald

Staab's informed consent for his treatment.

A doctor is negligent in failing to get informed consent from a patient, when:

1.    The doctor knows or should know the risk involved in surgery or treatment, or the alternatives to the surgery or treatment.

2.    The risk or alternative treatment is significant enough that the doctor should tell his or her patient about it.  The knowledge of the risk or existence of alternative treatment is significant if the physician knows or should know that a reasonable person in the patient's position would regard it as significant.

3.    The doctor does not tell the patient about the risk or alternative treatment.

4.    A reasonable person in the patient's position would not have consented to the treatment or surgery, if the risk or alternative treatment had been known.

5.    The failure to disclose the risk or alternative directly resulted in harm to the patient.

**INSTRUCTION NO. 27**

Questions 7-10 in the verdict form are the damages questions.  You should not consider the issue of damages unless you conclude Mayo Clinic Rochester was negligent.

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been harmed.  Damages may include past and future harm. It must be proved that future harm is reasonably certain to occur.

**INSTRUCTION NO. 28**

A party asking for damages must prove the nature, extent, duration, and consequences of his or her harm.

You must not decide damages based on speculation or guess.

You may consider the following items of personal damage, both past and future, in making any award of damages.

## INSTRUCTION NO. 29

**Past damages for bodily and mental harm**

Items to include for past damages for bodily and mental harm:

1. Pain

2. Disability

3. Disfigurement

4. Embarrassment

5. Emotional distress

6. Loss of enjoyment of life

Plaintiff Ronald Staab has experienced up to the time of your verdict.

It is difficult to put an exact value on these items that are not necessarily decided on a daily or hourly basis.

**Factors to consider**

You should consider:

1. The type, extent, and severity of the injuries

2. How painful the injuries were

3. The treatment and pain involved in that treatment

4. The length of time the injury or harm lasted

5. Any other factors you think are relevant.

## INSTRUCTION NO. 30

**Past damages for health care expenses**

Past damages for health care expenses may include the costs of:

1.    Medical supplies

2.    Hospitalization

3.    Health care services of every kind

4.    Reasonable travel, food and lodging expenses incurred for the purpose of obtaining medical examinations and treatment

necessary for treatment up to the time of your verdict.

## INSTRUCTION NO. 31

**Future damages for bodily and mental harm**

Future damages for bodily and mental harm may include:

1.    Pain

2.    Disability

3.    Disfigurement

4.    Embarrassment

5.    Emotional distress

6.    Loss of enjoyment of life

7.    The probable loss of life expectancy

Ronald Staab is reasonably certain to experience in the future.

It is difficult to put an exact value on these items that are not necessarily decided on a daily or hourly basis.

**Factors to consider**

You should consider:

1.    The type, extent, and severity of the injuries

2.    How painful the injuries are

3.    The treatment and pain involved in that treatment

4.    The length of time the injury or harm is likely to last

5.    Any other factors you think are relevant.

## INSTRUCTION NO. 32

The standard table of mortality may be considered by you in determining how long the plaintiff may be expected to live.  According to the table of mortality, the life expectancy in this country of a man 69 years of age in 2006 is 13.9 years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and gender.  That estimate is based upon a limited record of experience.  So, the inference that may reasonably be drawn from life expectancy, as shown by the table, applies only to one who has the average health and exposure to danger of people of that age and gender.

In determining the reasonably certain life expectancy of Ronald Staab, you should consider, in addition to what is shown by the table of mortality, all of the other facts and circumstances in evidence in the case bearing upon the life expectancy of Ronald Staab, including his habits, past health record, and present state of health.

**INSTRUCTION NO. 33**

**Future damages for health care expenses**

Future damages for health care expenses may include:

      1.     Medical supplies

      2.     Hospitalization

      3.     Health care services of every kind

      4.     Reasonable travel, food and lodging expenses incurred for the purpose of obtaining medical examinations and treatment

reasonably certain to be necessary for treatment in the future.

## INSTRUCTION NO. 34

**Damage for injury to a husband**

When a husband is injured, he has a claim for damages, and his wife may also have a claim.

Rita Staab's claim for damages may include:

1.     The loss of Ronald Staab's services and companionship she would have received in the usual course of married life up to the date of trial.

2.     The value of Ronald Staab's services and companionship she is reasonably certain to lose in the future.

# INSTRUCTION NO. 35

After finding the dollar value of future damages for future health care expenses, you must then find the present cash value of this amount, and award only the present cash value.  This is called "adjusting," and is based on inflation and the fact that invested money earns interest.

The following steps are involved in adjusting:

1.      Decide if Ronald Staab is entitled to damages for future health care expenses.

2.      If so, decide the amount of these future damages in today's dollars.  In doing this, you may also consider whether inflation will increase the future health care expenses.

3.      Decide for how long in the future Ronald Staab will incur future health care expenses.

4.      Decide how much money Ronald Staab needs if he invests it now through the time in the future when he will need it for future health care expenses.

You must adjust damages only for future health care expenses.

You must not adjust damages for:

1.      Future pain,

2.      Future disability,

3.      Future emotional distress,

4.      Any past damages.

**INSTRUCTION NO. 36**

The fact that I have instructed you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Staabs from a preponderance of the evidence in the case in accordance with the other instructions.

## INSTRUCTION NO. 37

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have

said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [*The form reads: [quote]*]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.